PAUL H. LEADER ET AL., APPELLEES, v. M. M. TIER-
NEY ET AL., APPELLANTS.

FILED SEPTEMBER 17, 1895.   No. 6165.

Trusts : ACTIONS TO ENFORCE.  A party who had furnished means to pay for an interest in real property purchased for certain parties contributing thereto and of which, for convenience, the title had been taken in the name of one investor for the benefit of all contributors, is entitled to maintain an equitable action for the enforcement of the trust which, by reason of the foregoing facts, had arisen in his favor against said associate holding title.

APPEAL from the district court of Dakota county.  Heard below before NORRIS, J.

*J. J. McAllister* and *Argo, McDuffie & Argo,* for appellants.

52

*R. E. Evans* and *Jay & Beck, contra.*

RYAN, C.

This action was brought in the district court of Dakota county by the appellees to compel M. M. Tierney to convey to appellees certain lots, which, it was alleged, had been purchased and paid for by said appellees and said Tierney jointly. It was alleged that, for convenience in making conveyances of said lots, the title was taken in the name of M. M. Tierney, who had not only refused to execute conveyances to appellees as his trust relation required, but had conveyed some of the lots to John H. Burke, and some to Laura A. Tierney, in disregard of the rights of the appellees. The two individuals last named were joined as defendants, and as against their claims it was averred that they were not *bona fide* purchasers, and held such interests as they had subordinate to the rights of the appellees. The appellants, in effect, denied each of the allegations of the petition, and themselves in their own individual rights prayed that title might be decreed in their favor. By reply the averments of the answer were denied and, upon a trial, these issues were found in favor of the appellees. It is urged that the agreement alleged in the petition is within the statute of frauds, and that, therefore, the appellees, though they may have furnished the means for making payment of one-third of the purchase price, are remediless, because the subject-matter was real property, and of the trust there exists no written evidence. Section 3, chapter 32, Compiled Statutes, provides: "No estate or interest in land, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered, or declared, unless by act or operation of law, or by a deed of conveyance in writing, subscribed by the party creating, granting, assigning, sur-

rendering, or declaring the same." In the sections imme-
diately following the above it is provided that the above
section shall not be construed to prevent the arising of any
trust by operation of law. In *Carter v. Gibson*, 29 Neb.,
324, it was held that a trust, though not created by such
an instrument as would be requisite to convey an interest
in real property, was not within the inhibition of the above
sections and could be enforced. The construction given the
above sections equally applies to the case at bar. There is
no theory upon which the testimony of one party can be
harmonized with that of the other. Evidently the district
court rejected the testimony of appellants, and the proofs,
under such circumstances, were as clear and satisfactory as
were required in *Robinson v. Jones*, 31 Neb., 20. The
judgment of the district court is

AFFIRMED.